UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM TEAS,

        Petitioner,

v.                                        Case No. 06-C-759

JEFFREY ENDICOTT,

        Respondent.

## ORDER

William Teas filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 2001, petitioner was convicted Douglas County Circuit Court of arson and was sentenced to 37 years imprisonment. He is currently incarcerated at Redgranite Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner, who is represented by counsel, brings two claims. First, he asserts his appellate counsel was ineffective for failing to file a timely notice of appeal in 2001, despite receiving several extensions of time from the court. Second, he asserts ineffective assistance of trial counsel. Because his appeal was never heard in the state courts, he concedes that the second claim is not exhausted and suggests he will request a stay of this petition.

The petition, however, is untimely. 28 U.S.C. § 2244(d)(1) sets forth a period of limitation that generally runs one year from the date the petitioner's conviction became final or when the underlying claim arose. The time period excludes the time during which properly filed state postconviction proceedings are pending. 28 U.S.C. § 2244(d)(2). The petition reveals that Teas was convicted in 2001 and his appellate lawyer repeatedly failed to file the notice of appeal despite receiving a number of extensions through the end of 2001. No appeal was ever allowed by the court of appeals. At that point, although he failed to do so, the petitioner had the ability to appeal the court of appeals decision barring his appeal to the state supreme court and then to the United States Supreme Court within 90 days, after which his judgment would become "final" under § 2244(d)(1)(A).

> [T]he statute of limitations imposed by section 2244(d)(1)(A) begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ.

*Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002).

Thus, roughly speaking, his conviction became "final" at some point in 2002 following the court of appeals' refusal to allow his appeal and his failure to appeal that decision either to the

2

Wisconsin or United States Supreme Court. That started the one-year clock ticking on his ineffective assistance of trial counsel claim. Similarly, the factual predicate for his ineffective assistance of appellate counsel claim existed as early as 2001, *see* 28 U.S.C. § 2244(d)(1)(D), i.e., at the time his appellate lawyer failed to timely file his notice of appeal. *See Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir. 2000). Thus, both claims were "final" for § 2244 purposes at least by 2002, and from that point the petitioner had until some time in 2003 (again, roughly speaking) in which to file a federal habeas petition.

The petitioner did not file this action until 2006, however. Thus, under § 2244(d)(1) the petition is clearly untimely. Although § 2244(d)(2) excludes the time during which state postconviction proceedings are pending, the petition states that no such proceedings were pending until 2005, i.e., two years *after* the petitioner's time for filing the § 2254 petition expired in 2003. Thus, there were no state court proceedings that would have suspended the statute of limitations under § 2244(d)(2) during the relevant period. Because the petition was filed more than one year after the conviction and underlying facts became "final" in 2002, and because no applicable state proceedings suspended the one-year period from running, the petition is untimely.

I note that the petition also states that the state supreme court granted his 2005 petition for habeas corpus and allowed him to proceed on the ineffective assistance of appellate counsel claim. I assume for present purposes that the petition is still pending in the state courts. Regardless, even if the state courts resurrected his case in 2005 and allowed him to proceed on one of his claims, that does not somehow erase the fact that his time for filing his *federal* § 2254 petition expired in 2003.

THEREFORE, IT IS ORDERED that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI  53707.

Dated this   20th   day of July, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge