UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM TEAS,
    Petitioner,

v.    Case No. 06-C-759

JEFFREY ENDICOTT,
    Respondent.

**ORDER**

Habeas petitioner William Teas filed a notice of appeal, pro se, which I also construe as a request for a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

In dismissing Teas' habeas petition, I noted that the petition was untimely by several years and that there were no intervening state proceedings that would have suspended the statute of limitations from running. I do not find this a debatable issue, and therefore deny the certificate of appealability.

In addition, in the event the petitioner requests waiver of the appellate filing fee (he is now pro se, apparently, having been represented by counsel earlier), I certify that any appeal is not taken in good faith. Section 1915(a)(3) states that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

Because I conclude that the petitioner's appeal is meritless, I certify that it would not be in good faith; I further conclude that the petitioner is not entitled to proceed *in forma pauperis* on appeal. **THEREFORE, IT IS ORDERED** that the request for a certificate of appealability is denied, and I further certify that the appeal has not been taken in good faith.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this 22nd day of August, 2006.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge