UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM TEAS,

        Petitioner,

v.                                           Case No. 06-C-759

JEFFREY ENDICOTT,

        Respondent.

## DECISION ON LIMITED REMAND

William Teas filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In my initial screening order, I noted that Teas had asserted claims of ineffective assistance of trial and appellate counsel in his petition, but summarily dismissed the action on the ground that it was untimely under 28 U.S.C. § 2244(d)(1). I thereafter granted his request for a certificate of appealability on the question of the timeliness of his petition. Noting that a district court may certify a question under 28 U.S.C. § 2253(c)(2) "only if the applicant has made a substantial showing of the denial of a constitutional right," the Court of Appeals for the Seventh Circuit has suspended briefing in the case and remanded it for the purpose of having this court determine whether Teas has made a substantial showing of the denial of a constitutional right.

The two grounds upon which Teas seeks to challenge his state court conviction are ineffective assistance of his appellate counsel and his trial counsel. Ineffective assistance of counsel constitutes a violation of an individual's Sixth Amendment rights. *Strickland v. Washington*, 466

U.S. 668 (1984). With respect to his trial counsel, Teas alleges that counsel was ineffective in the following respects:

> Failed to move to sever trials – Petitioner was tried with co-defendant Schwartz despite the fact that most of the evidence tended to incriminate Harlan Schwartz, not petitioner. Failed to move for a change of venue despite overwhelming pretrial publicity in Douglas County. Failed to challenge improper jury instruction or to submit alternate instruction for lesser included offense. Failed to investigate conspiracy element of party to a crime statute which requires evidence of an agreement between parties. Failed to investigate other possible defense strategies. Failed to investigate witnesses who would have corroborated Teas's testimony. Failed to challenge admissible [sic] of and prosecution's reliance upon a false statement given by Teas.

Petition at 7-8. Though conclusory and vague, I am unable to say, at least at the pleading stage, that these allegations are insufficient to state a claim for ineffective assistance of trial counsel. And if trial counsel was ineffective, appellate counsel's failure to raise the issue on post-conviction motion and, if necessary, appeal, would also amount to ineffective assistance of counsel. I therefore find that Teas has stated two valid claims for the denial of a constitutional right – namely, his Sixth Amendment right to the effective assistance of trial and appellate counsel.

Where a district court dismisses a habeas petition on procedural grounds, as this court did, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, I have concluded that Teas' petition states a valid claim. As to my procedural ruling, I concluded that, given the substantial post-conviction motion practice, it was conceivable that I had erred in concluding the petition was untimely, and thus that

2

jurists could debate the outcome. See August 5, 2006 Order (Doc. # 9.) Accordingly, I find that the petitioner has made a substantial showing of the denial of a constitutional right.

Dated this   15th   day of December, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge